DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal by the state from a judgment of the Sylvania Municipal Court that granted appellant's motion to suppress. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant state of Ohio sets forth the following assignments of error:
 {¶ 3} "1. The trial court committed prejudicial error by granting the Motion to Suppress of the Defendant-Appellee and not stating its essential findings of fact on the record as required by Rule 12(E) [sic] of the Ohio Rules of Criminal Procedure.
 {¶ 4} "2. The trial court committed prejudicial error in granting the Motion to Suppress of the Defendant-Appellee in that it failed to apply the appropriate standard of a reasonable suspicion to stop the vehicle of the Defendant-Appellee.
 {¶ 5} "3. The trial court committed prejudicial error by granting the Motion to Suppress of the Defendant-Appellee, in that theFourth Amendment to the United States Constitution does not prohibit a law enforcement officer, based upon the totality of the circumstances, from stopping an automobile and detaining the driver thereof upon a reasonable suspicion that the individual detained was, is, or will be engaged in criminal activity."
 {¶ 6} The undisputed facts that are relevant to the issues raised on appeal are as follows. On March 31, 2002, appellee was stopped by Trooper Kevin Miller of the Ohio State Highway Patrol while driving on Bancroft Road in Sylvania Township. Appellee was cited for driving while under the influence of alcohol, driving with a prohibited breath-alcohol concentration, possession of drugs and illegal display of license plates. On April 24, 2002, appellee filed a motion to suppress all evidence seized as a result of the traffic stop, claiming that the stop was illegal. The matter was continued for a hearing on May 16, 2002.
 {¶ 7} At the hearing, Trooper Miller testified that at approximately 4:45 a.m. on March 31, 2002, he began to follow appellee after observing him come to a sudden stop at the intersection of Bancroft and Crissey Roads. Miller stated that he followed appellee's truck for about three-quarters of a mile to a mile and that during that time he attempted to run appellee's registration by calling in his license plate number. Miller testified that after he called in the plate the first time the vehicle description dispatch gave him did not match appellee's vehicle. Miller further testified that appellant's plate was partially obscured and he was having difficulty reading it so he then gave dispatch another plate number to run. He stated that the second plate number also was not a match with appellee's truck. Miller testified that he was having difficulty reading appellee's license plate because a trailer hitch on the back of the truck was obscuring some of the letters or numbers on the plate. After the second unsuccessful attempt to run the plate, Miller pulled appellee over. He further testified that he still could not read the plate when he pulled to a stop behind appellee's truck and was not able to read it until he stood directly behind the vehicle. Miller then advised appellee that he stopped him because his plate was obscured. The trooper further testified that he did not observe any erratic driving or traffic violations prior to stopping appellee and that the stop was made solely on the basis of the obscured license plate.
 {¶ 8} At the conclusion of the hearing, the trial court granted appellee's motion to suppress. The state filed a timely appeal pursuant to Crim.R. 12(K).
 {¶ 9} In its first assignment of error, the state asserts that the trial court erred by failing to state findings of fact on the record when it granted the motion to suppress. Appellant argues that the court's "generalized statements" did not satisfy the requirements of Crim.R. 12(F), which states that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record."
 {¶ 10} As appellant correctly states, the trial court did not issue a written decision on the motion to suppress. The court's journal entry for May 16, 2002 simply states "Case heard re motion to suppress i.e. basis for stop. Motion granted." The transcript of the motion hearing reveals, however, that the trial court explained its reasons for granting the motion. The trial court found that the officer saw appellee come to an abrupt stop at the intersection and decided to follow him, but he discovered that the rear license plate was obscured by a standard trailer hitch. The trial court further found that the officer could have followed appellee to the next stop sign and run the plate when he was close enough to read it completely. Lastly, the trial court found that if the court agreed with the state's argument, then every car with a trailer hitch would conceivably have an obscured rear license plate, and that such was not the law. Based on the foregoing, this court finds that the trial court did make the necessary findings pursuant to Crim.R. 12(F) and, accordingly, appellant's first assignment of error is not well-taken.
 {¶ 11} In its second assignment of error, the state asserts that the trial court held the state to the incorrect standard by requiring it to demonstrate that the officer had probable cause, rather than a reasonable suspicion, for the stop. Appellant cites the trial court's use of the words "probable cause" two times when making its finding at the conclusion of the hearing. The trial court stated, "* * * I think the first thing the Officers do is run a plate. And if it comes back with suspicion, they certainly have a probable cause to stop the vehicle. * * * [T]there's no probable cause to stop."
 {¶ 12} The record reflects, however, that the question of the standard to be applied was addressed as follows at the beginning of the hearing:
 {¶ 13} "MS. SMITH: * * * The standard I give you that the Court is looking at, there is no reasonable, articulable suspicion to stop the Defendant and that we're only going on the basis of the stop, not probable cause for the arrest or anything else of that nature.
 {¶ 14} "MR. D'ANGELO: That is correct, Your Honor, and I would concur with that.
 {¶ 15} "THE COURT: That's what I thought."
 {¶ 16} The foregoing discussion indicates that the trial court was aware of, and intended to apply, the reasonable, articulable suspicion standard to the traffic stop in this case. Further, the trial court's analysis explaining his ruling at the conclusion of the hearing demonstrates that the court was in fact applying the appropriate standard to the legality of the stop. Accordingly, this court finds that appellant's second assignment of error is not well-taken.
 {¶ 17} In its third assignment of error, appellant asserts that the trooper had a reasonable, articulable suspicion to make the stop, based on the totality of the circumstances. Appellant cites Trooper Miller's testimony that he could not clearly read the license plate on appellee's vehicle because the second and third letters or numbers were obscured by the trailer hitch. Trooper Miller testified, however, that he did not observe appellee driving erratically or violating any traffic laws prior to the stop and that the stop was made solely because the trailer hitch was blocking a portion of the license plate. Trooper Miller further testified that the extent to which the plate was obscured by the trailer hitch differed according to his position behind appellee's car from side to side as well as the distance between the two cars. Based on the foregoing, this court finds that the trial court did not err by finding that the stop was not lawful because Trooper Miller did not demonstrate a reasonable, articulable suspicion that appellee had violated the law. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 18} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Sylvania Municipal Court is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Sherck and Pietrykowski, JJ., concur.